DOUGLAS A. GESSELL, SBN 210112
STEVEN L. BROWN, SBN 166278
LAW OFFICES OF BROWN & GESSELL
2155 W. March Lane, Suite 1D
Stockton, CA 95207
Telephone (209) 430-5480
Facsimile (209) 466-5480

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GASCA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, a municipal corporation; Officer NATHAN BURNETTE and DOES 2 to 25,<br><br>Defendants. | CIV. NO: 2:15-1109 WBS CKD<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983);**<br>2. **BATTERY BY A POLICE OFFICER;**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>4. **NEGLIGENCE (OFFICER)**<br>5. **NEGLIGENT HIRING, TRAINING, DISCIPLINE AND SUPERVISION (COUNTY)**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff MARTIN GASCA, brings the following causes of action against defendants, and complains and alleges as follows:

**PARTIES**

1.   This action arises from the brutal beating of MARTIN GASCA (GASCA) a Hispanic man, by Officer NATHAN BURNETTE of the COUNTY OF SACRAMENTO on August 12, 2013 in Sacramento, California. Plaintiff is the victim of the brutal beating and sues for violation of his civil rights pursuant to 42 U.S.C. Section 1983 and for battery by a police officer,

1

intentional/reckless infliction of emotional distress, negligence and negligent hiring, training, discipline and supervision on the part of the COUNTY OF SACRAMENTO.

2. At all relevant times, plaintiff MARTIN GASCA was a resident of Sacramento, California.

3. At all relevant times, Defendant, COUNTY OF SACRAMENTO (hereinafter "COUNTY") is and was a municipal corporation duly organized and existing under the laws of the State of California.

4. At all relevant times, Defendant, Officer NATHAN BURNETTE was a police officer for COUNTY and committed the acts complained of herein while acting as such and he is sued herein in his official capacity. Plaintiff is informed and believes that said officer is and was employed by the COUNTY and that his wrongful acts proximately caused harm to GASCA.

5. Plaintiff is unaware of the true names of those persons sued herein as DOES 2 through 25 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that said defendants are police officers employed by the COUNTY and that their wrongful acts proximately caused harm to GASCA. Plaintiff shall substitute the true names of such defendants in place of DOES when they become known to plaintiff.

6. Each reference in this complaint to "defendant," "defendants" and/or a specifically identified defendant also refers to every other defendant whether specifically or fictitiously named herein.

7. Plaintiff is informed, believes and alleges thereon that, at all times mentioned herein, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of said agency and/or employment.

**STATEMENT OF FACTS**

8. On August 12, 2013, Officer NATHAN BURNETTE and other officers responded to the residence of GASCA as GASCA's nephew and his nephew's wife were having a verbal argument.

9. As the other officers approached and entered the front door of the residence, Officer NATHAN BURNETTE entered the house through a side window.

10. The other officers detained GASCA's nephew towards the front of the house while Officer NATHAN BURNETTE searched the back of the house.

11. GASCA was sleeping in his room and heard noises in the house. He moved towards the door to his room at about the same time that Officer NATHAN BURNETTE was passing by his door in the hallway.

12. Without any provocation by GASCA, Officer NATHAN BURNETTE hit GASCA in the face with the butt of his gun thereby knocking him to the ground and then kicked him in the back and thigh while he was on the ground.

13. GASCA sustained serious and permanent injuries in the attack and was taken by ambulance to UC Davis Medical Center.

14. At all times, Officer NATHAN BURNETTE acted with the intention of causing harm to GASCA and/or with a conscious disregard for his rights and safety.

15. A claim for damages was submitted to the City of Sacramento on or about February 4, 2014. No notice of rejection of claim was received by plaintiff.

**FIRST CAUSE OF ACTION (Against Officer NATHAN BURNETTE)**

**Violation of Civil Rights- 42 U.S.C. Section 1983**

16. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 15, above, as if fully set forth hereat.

17. At the time of the complained of events, plaintiff GASCA had a clearly established Constitutional right under the Fourth Amendment to be secure in his person from unjustified seizure and unreasonable seizure through excessive force.

18. In doing the things described above, defendants Officer NATHAN BURNETTE and DOES 2 to 5 violated GASCA'S rights guaranteed by the Fourth Amendment of the United States Constitution as follows:

  a. Defendants seized plaintiff GASCA while standing in his bedroom without any justification and without probable cause or reasonable suspicion that he had committed a crime;

  b. Defendants seized plaintiff GASCA while he was standing in his bedroom and in so doing used excessive force by hitting him in the face with the butt of a gun and kicking him while he was on the ground;

  c. Defendants continued to use excessive force by kicking plaintiff GASCA without justification and without probable cause or reasonable suspicion that he had committed a crime;

## SECOND CAUSE OF ACTION (Against Officer NATHAN BURNETTE)

### Battery By of Police Officer

19. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 18, above, as if fully set forth hereat.

20. Defendant Officer NATHAN BURNETTE intentionally touched GASCA by hitting him in the face with the butt of a gun thereby knocking him to the ground and then kicked him in the back and thigh while he was on the ground all with the intention of causing harm to GASCA.

21. GASCA did not consent to being hit in the face or kicked in the body.

22. As a direct and proximate result of this attack by Officer NATHAN BURNETTE as detailed above, Plaintiff sustained the damages herein alleged.

### THIRD CAUSE OF ACTION (Against All Defendants)

### Intentional Infliction of Emotional Distress

23. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 22, above, as if fully set forth hereat.

24. Defendant Officer NATHAN BURNETTE's misconduct in hitting GASCA in the face with a gun and kicking him in the back and thigh while he was on the ground, was extreme and outrageous.

25. As a result of defendant's actions, GASCA suffered extreme and severe emotional distress.

26. Defendants knew that such emotional distress was substantially certain to result from their conduct or, at a minimum, were done in disregard of a substantial probability of causing severe emotional distress.

27. Defendant, COUNTY is responsible for the wrongdoing of its agents, servants and/or employees, under the doctrine of respondeat superior.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION (Against Officer NATHAN BURNETTE)

### Negligence

29. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 28, above, as if fully set forth hereat.

30. Defendant, Officer NATHAN BURNETTE owed a duty of care to plaintiff and the general public to use reasonable care in carrying out his duties as a police officer and in interacting with the general public in order to prevent harm to plaintiff and the general public.

Law Offices of
Brown & Gessell

First Amended Complaint

31. Defendant Officer NATHAN BURNETTE breached this duty to plaintiff and the general public by failing to use reasonable care in carrying out his duties as a policy officer and in interacting with the general public in the following respects:

    a. Failure to communicate with his fellow officers regarding the investigation scene;

    b. Failure to identify GASCA as a non-threatening bystander;

    c. Failure to communicate with GASCA prior to striking him in the face; and

    d. Failure to properly interact with the general public.

## FIFTH CAUSE OF ACTION (Against the COUNTY)

### Negligent Hiring, Training, Disciplining and Supervising

32. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 26, above, as if fully set forth hereat.

33. Defendant, COUNTY, through its police department, owed a duty of care to plaintiff and the general public to use reasonable care in hiring, training, disciplining and supervising its officers in order to prevent harm to plaintiff and the general public.

34. Defendant COUNTY breached its duty to plaintiff and the general public by failing to use reasonable care in the hiring, training, disciplining and supervising of its officers in the following respects:

    a. Failure to hire officers that are qualified to interact with the public, that can communicate effectively with the public, that can distinguish between potential suspects and innocent bystanders and that use restraint and good judgment in their interactions with the public;

    b. Failure to train officers in interacting with the public, communicating effectively with the public, distinguishing between potential suspects and innocent bystanders and in using restraint and good judgment in their interactions with the public;

  c. Failure to discipline officers for prior negligent and intentional acts of wrongdoing against members of the general public; and

  d. Failure to properly supervise its officers in executing the duties of a police officer.

35. Defendant, COUNTY, had the means and opportunity to properly hire, train, discipline and supervise its officers to prevent the kind of incident that is the subject of this lawsuit. Defendant COUNTY wholly failed to comply with its obligation to use reasonable care in carrying out its responsibilities.

36. This breach of the standard of care by defendant COUNTY is a direct cause of the unprovoked attack on plaintiff and a direct cause of the injuries sustained by GASCA as described herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff sues for relief as set forth below:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof (Defendant Officer NATHAN BURNETTE only and on causes of action One, Two and Three only);
4. For costs of suit and reasonable attorney's fees pursuant to statute;
5. For all other relief to which they may be legally entitled.

Plaintiff hereby demands a trial by jury.

DATED: September 24, 2015      LAW OFFICES OF BROWN & GESSELL

                           _____
                           Douglas A. Gessell, Esq.
                           Attorney for Martin Gasca

Law Offices of       First Amended Complaint
Brown & Gessell