LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Kelley S. Kern, CSB No.: 221265
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for Defendant COUNTY OF SACRAMENTO and
DEPUTY BURNETTE

LAW OFFICE OF BROWN & GESSELL
Douglas A. Gessell, SBN:  210112
Steven L. Brown, SBN:  166278
2155 W. March Lane, Suite 1D
Stockton, CA 95207
Phone: 209-430-5480
Facsimile: 209-466-5480

Attorneys for Plaintiff MARTIN GASCA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| MARTIN GASCA, an individual | Case No.: 2:15-cv-01109-WBS-CKD |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND  PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SACRAMENTO, a municipal corporation; DOE OFFICER 1 and DOES 2-25, | |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.  In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order (hereinafter "Order").  The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

2.  The documents eligible for protection under this order specifically include:

A.   An individual defendant's personnel file and/or other writings pertaining to a Defendants employment as a peace officer generally protected from public disclosure pursuant to state law and federal evidentiary privilege. Production of such documents would violate an individual's or third party's right to privacy.

3.   By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4.   Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL".  The producing party shall also watermark and/or affix legends to such documents using the words "CONFIDENTIAL - SUBJECT TO COURT ORDER."

5.   Documents designated as "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

6.   Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel).  Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

7.   The Confidential Material produced pursuant to this Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (e.g., "social security number," etc.)  This provision complies with Eastern District Local Rule 140.

8.   If a party would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed.

9.   Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10.  This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

11.  Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

12.  If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13.  This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed

hereunder.  Counsel for the parties shall destroy or return all Confidential Material in their possession, custody, or control, and provide proof of destruction or return within forty-five (45) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

IT IS SO STIPULATED.

Dated:  March 2, 2016                    LONGYEAR, O'DEA & LAVRA, LLP


                                  By:   */s/ Kelley S. Kern*
                                        JOHN A. LAVRA
                                        KELLEY S. KERN
                                        Attorneys for Defendant

Dated:  March 2, 2016                    LAW OFFICE OF BROWN & GESSELL


                                  By:   */s/* Douglas A. Gessell
                                        DOUGLAS A. GESSELL
                                        STEVEN L. BROWN
                                        Attorneys for Plaintiff




## ORDER

**IT IS SO ORDERED:**


Dated:  March 7, 2016
                                        _____
                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE