UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARTIN GASCA, an individual, | CIV. NO. 2:15-1109 WBS CKD |
| Plaintiff, | ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| COUNTY OF SACRAMENTO, a municipal corporation; OFFICER NATHAN BURNETTE; and DOES 2 through 25; | |
| Defendants. | |

----oo0oo----

Plaintiff brought an action in the California Superior Court against the County of Sacramento for alleged police brutality in violation of 42 U.S.C. § 1983 and state tort law. (See Notice of Removal Ex. A, Compl. at 1 (Docket No. 1).) The county removed the action to this court. (Notice of Removal.) After removal, plaintiff filed an amended complaint identifying

1

Officer Nathan Burnette as a second defendant.  (First Am. Compl.)

On May 25, 2016, defendants emailed plaintiff stating that they would be "willing to offer $10,000" to settle the case. (Decl. of Kelley Kern ("Kern Decl.") Ex. A at 1 (Docket No. 25-2).)  The next day, plaintiff responded that he "is agreeable to accepting the terms of the proposed settlement."  (Id.)  The parties filed a Notice of Settlement five days later.  (See Notice of Settlement (Docket No. 17); Kern Decl. Ex. B at 3.) The parties then performed due diligence on the terms of the agreement.[1]  (See Kern Decl. Ex. B at 1; id. Ex. C at 1-2; id. Ex. D at 1-2.)  On August 8, defendants forwarded a draft of the settlement agreement to plaintiff's counsel for review.  (Id. Ex. E at 1.)  Plaintiff's counsel responded, "This looks fine.  I have forwarded to my client for signature."  (Id.)

Thereafter and at some point prior to September 12, plaintiff informed defendants that he would not be signing the settlement agreement.  (Joint Status Report at 2 (Docket No. 21).)  Defendants now "move the court for an order enforcing the

---

[1] The agreement required that: (1) plaintiff "is not Medicare eligible"; (2) plaintiff "does not owe the County Department of Revenue Recovery or Child Support Departments any money"; (3) "County Risk Management [for Sacramento County] . . . approve the payment"; and (4) plaintiff produce letters from the hospitals he attended stating how much each would each receive out of the settlement. (Kern Decl. Ex. A at 1.)  The parties satisfied each of these conditions.  (See id. Ex. B at 1 (confirming plaintiff is not Medicare eligible and has no liens with Sacramento County); id. Ex. C at 1 (stating that first hospital agrees to accept pro rata share); id. Ex. D at 1-2 (attaching letter from second hospital); id. E (attaching settlement agreement for plaintiff's signature after requesting approval from County Risk).)

2

settlement agreement reached between Plaintiff and Defendants on May 26."[2] (Defs.' Mot. (Docket No. 25).)  Pursuant to Local Rule 230(c), plaintiff's counsel filed a statement of non-opposition in response to defendants' motion.[3]  (Statement of Non-Opp'n ("Non-Opp'n") (Docket No. 26).)

It is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (holding the same).  "[S]tate contract law governs whether [the parties] reached an enforceable agreement settling the federal and state law claims alleged in Plaintiffs' complaint." Wilcox v. Arpaio, 753 F.3d 872, 876 (9th Cir. 2014) (citing Botefur v. City of Eagle Point, Or., 7 F.3d 152, 156 (9th Cir. 1993)).

Under California law, "[t]he essential elements of a contract are: parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." Lopez v. Charles Schwab & Co., 118 Cal. App. 4th 1224, 1230 (1st Dist. 2004) (citing California Civil Code section 1550).  "An

---

[2] There is no indication that the August 8 draft differed in any material respect from the parties' May 26 agreement. (See Kern Decl. Ex. D (plaintiff's counsel responded "[t]his looks fine" after reviewing the August 8 draft).)

[3] Plaintiff's counsel states that he "has been unable to communicate with or locate plaintiff to discuss [the present motion] despite numerous and diverse attempts." (Statement of Non-Opp'n at 1 (Docket No. 26).)

essential element of any contract is the consent of the parties, or mutual assent. Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. at 1229 (citing California Civil Code sections 1550 and 1565). "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 811 (2d Dist. 1998) (quoting Meyer v. Benko, 55 Cal. App. 3d 937, 942-43 (2d Dist. 1976)).

If a valid agreement exists under state law, it must additionally meet two federal requirements. "First, it must be a complete agreement." Marks-Foreman v. Reporter Pub. Co., 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citing Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994) and Callie, 829 F.2d at 890). "Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." Id. (citing Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144–45 (9th Cir. 1977)).

Here, all of the elements of an enforceable settlement agreement are present. Plaintiff and defendants engaged in a settlement negotiation over email which concluded with plaintiff stating that he "is agreeable to accepting the terms of [defendants'] proposed settlement." (See Kern Decl. Ex. A at 1-2.) The parties confirmed that they had settled by filing a Notice of Settlement five days after they reached the agreement. (See Notice of Settlement; Kern Decl. Ex. B at 3.) Each party offered and received consideration, (see Kern Decl. Ex. A at 1),

1  and the agreement was complete, (id. at 2 (noting that the
2  agreement "resolve[d] this matter")).  "[A]t all relevant times,
3  counsel for plaintiff had the explicit authority from his client
4  to enter into the settlement that was reached in this matter."
5  (Non-Opp'n at 1.)

6         That the parties did not end up executing a formal
7  settlement agreement does not alter the validity of their
8  original agreement over email.  See Blix St. Records, Inc. v.
9  Cassidy, 191 Cal. App. 4th 39, 48-49 (2d Dist. 2010) ("When
10 parties intend that an agreement be binding, the fact that a more
11 formal agreement must be prepared and executed does not alter the
12 validity of the agreement." (citing Mitchell v. Exhibition Foods,
13 Inc., 184 Cal. App. 3d 1033, 1048 (1st Dist. 1986)).

14        Accordingly, the court will enforce the parties'
15 settlement agreement reached on May 26.

16        IT IS THEREFORE ORDERED that defendants' motion to
17 enforce the settlement agreement reached on May 26, 2016 be, and
18 the same hereby is, GRANTED.

19 Dated:  October 14, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5